UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 19-24584-CIV-MORENO

JESUS A. GONZALES,

    Plaintiff,

vs.

ATLANTIC SPECIALTY INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND PLACING CASE IN CIVIL SUSPENSE

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint and/or Compel Arbitration **(D.E. 5)**, filed on **December 6, 2019**. THE COURT has considered the motion, the response in opposition, the reply, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that Defendant's motion to compel arbitration is GRANTED. Plaintiff has refiled suit for breach of contract (among other claims) under the relevant maritime insurance policy. But, as Defendant notes, Judge Ungaro has already ordered the parties, on August 8, 2018, to submit to arbitration. *See Gonzales v. Atl. Specialty Ins. Co.*, 18-cv-22040 (D.E. 15). In doing so, Judge Ungaro reviewed the relevant language of the policy, and found that the policy plainly and unambiguously required the parties to submit to arbitration in the event of a disagreement.

In their respective filings, each party now blames the other for arbitration efforts stalling. Plaintiff writes that the Defendant never supplied a name of a potential arbitrator, while the Defendant notes Plaintiff never responded to emails. The Court need not decide who is right and

who is wrong. Instead, the same arbitration agreement provides the appropriate remedy in the event arbitration discussions flounder: the parties will (1) "appoint an arbitrator and those two arbitrators will appoint a third arbitrator" or (2) "petition the appropriate court in the jurisdiction where this policy was issued to appoint an arbitrator." Consistent with that language, the Court reorders the parties to continue arbitration and apprise themselves of these available means of redress.[1] Should arbitration efforts totally founder, either party shall petition the Court to appoint an arbitrator, and the Court will do so. "A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2.

Accordingly, based on the foregoing, it is

**ADJUDGED** that Defendant's motion to compel arbitration is GRANTED and the case is administratively placed in civil suspense. *See* 9 U.S.C. § 3 ("If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending . . . shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . ."). Judge Ungaro has already ordered the parties to submit to arbitration. This Order requires that they remain engaged in that process. Should those arbitration efforts ultimately fail, the Court will REOPEN this case and decide appropriate sanctions, including an award of attorney's fees and costs. *See Albertson v. Art Inst. of Atlanta*, No. 1:16-cv-03922, 2017 WL 9474223, at *8 (N.D. Ga. Mar. 23, 2017) (analyzing the possibility of imposing

---

[1] By reordering the parties to continue arbitration, the Court necessarily finds that the Defendant has not substantially participated in litigation so as to waive its right to enforce the arbitration agreement. *See Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1316 (11th Cir. 2002); *Raymond James Fin. Servs., Inc. v. Saldukas*, 896 So. 2d 707, 710-11 (Fla. 2005). And, while the arbitration agreement does require that any demand to arbitrate be made within one year of a claim arising under the insurance contract, the Court finds that Defendant's original demand for arbitration, made in July 2018 (and which this Court is enforcing), satisfies the time requirement.

sanctions under 28 U.S.C. § 1927 in the context of a motion to compel arbitration). Further, it is

**ADJUDGED** that all other pending motions are DENIED as MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 13th of January 2020.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

3